## ROBBINS v. AURORA WATCH CO.

*(Circuit Court, N. D. Illinois.  July 31, 1890.)*

PATENTS FOR INVENTIONS—WHAT CONSTITUTES INFRINGEMENT.
  Claims 1 to 4 of patent No. 325,506 to Charles P. Corliss for "a stem winding and setting watch" are for a device which prevents a watch movement when taken out of the case from falling into the hands-setting engagement, and keeps it in the winding engagement.  The shifting engagements are obtained through a rising and falling pinion, and the hands-setting engagement is rendered inoperative while the movement is in the case by a short lug pressing against the case and on the spring which tends to throw the watch into the hands-setting engagement.  When the movement is taken from the case, this pressure on the spring is released, and it becomes wholly inoperative to hold the watch in the hands-setting engagement, while the winding engagement remains operative.  *Held*, that this claim was not infringed by a device which accomplishes the same result as to the hands-setting engagement, but in which the shifting mechanism consists of a vibrating yoke carrying the pinions at either end, for the purpose of the winding and setting engagements, with its parts so arranged by means of adjusted springs that when the movement is taken out of the case the winding and setting pinions are both thrown out of engagement, so that neither the hands-setting nor winding engagement is operative.

In Equity.
*Prindle & Russel* and *L. Hill*, for complainant.
*Bond, Adams & Jones*, for defendant.

BLODGETT, J.  The bill in this case seeks an injunction and accounting by reason of the alleged infringement of the first four claims of patent No. 325,506, granted September 1, 1885, to Charles P. Corliss for "a stem winding and setting watch."  The feature of the patent involved in this case is:

"So much of the device as provides that when a watch movement which is normally in engagement with the hands-setting mechanism is removed from the case, the mechanism for throwing the watch into hands-setting engagement will become inoperative, and the watch will remain in the winding engagement."

The claims now in question are:

"(1) As an improvement in stem winding and hands-setting watches, a winding and hands-setting train which is adapted to be placed in engagement with the winding-wheel by the movement of a stem-arbor, and is normally in engagement with the dial-wheels only when the movement is in a case, substantially as and for the purpose specified.  (2) As an improvement in stem winding and setting watches, a winding and hands-setting train which is adapted to be placed in engagement with the winding-wheel, by the movement of a stem-arbor, and is held normally in engagement with the dial-wheels, by a spring which is operative for such purpose only when the movement is in a case, substantially as and for the purpose shown.  (3) As an improvement in stem winding and setting watches, the combination, with a winding and hands-setting train, of a spring which operates to hold said train normally in engagement with the dial-wheels when the movement is in a case, and is inoperative for such purpose when said movement is removed from its case, substantially as and for the purpose shown and described.  (4) As an improvement in stem winding and setting watches, a winding and hands-setting train which, when the movement is cased, is normally held in engagement with the dial-wheels, and when said movement is removed from its case

is automatically relieved from constraint and free to engage with the winding-wheel, substantially as and for the purpose specified."

The defenses of want of patentable novelty and non-infringement are relied upon, and have been much discussed, in the testimony and arguments of counsel, but I propose to consider only the question of non-infringement.

The Corliss watch, as described in the patent now under consideration, is a stem-winding and stem hands-setting watch, where the shifting mechanism is a rising and falling pinion, and the descriptions in the patent of the device now in question apply to a mechanism where the shifting engagements are obtained through a rising and falling pinion. The defendant manufactures a stem-winding and stem-setting watch, where the shifting mechanism consists of a vibrating yoke carrying the pinions at either end, for the purpose of the setting and winding engagements. In the patent in question the spring which tends to throw the watch into the hands-setting engagement is rendered inoperative by means of a short lug, or fin, upon the back of the spring, which passes outside of the movement, and abuts against a portion of the case, so that when the watch is in the case this fin puts the spring under constraint, and causes it to operate as I have stated; but when the movement is removed from the case, the pressure of the side of the case upon this fin being released, the spring becomes wholly inoperative, and, the spring which operates to keep the watch in winding engagement being operative, the watch is held in winding engagement. The defendant's watch, having a shifting mechanism carried upon a vibrating yoke, has its parts so arranged as that when the movement is taken out of the case the winding and setting pinions are both thrown out of engagement, and remain intermediate, between the winding and setting engagement. This is accomplished by the adjustment of the springs, which throw the watch into the different engagements, being so balanced against each other that, when the pressure of the stem-arbor is removed, the yoke is at once thrown into the intermediate position of which I have spoken, where neither the winding nor setting pinions are in engagement. This seems to me an entirely different organization from that of the Corliss watch, and to have no operative parts in common with the operative parts of the patent, so far as the device in question is concerned. The claims of the patent which I have quoted are most cunningly and artfully drawn, and seem to me to have been intended, if possible, to cover, not the device which is described in and shown by the patent, but the results of the action of this device; but, in my opinion, the only manner in which these claims can be supported and the patent held valid at all is by holding that the claim is limited to the device described in the specification.

Guided by an examination of the description given in the specifications of the device now in question for relieving the watch of its normal tendency to go into the setting engagement, when removed from the case, we find that it is organized solely to operate in connection with the rising and falling pinions by which the shifting engagements are obtained, and we find nothing that suggests the mechanism used by the defendant.

Corliss had the undoubted right to cover his own device, if new, by a patent, but not the right to take possession of and hold the whole field against all subsequent inventors who reach the same result he does but by different devices. And it is not claimed in this case that defendant uses any of the instrumentalities used or suggested by Corliss, except that the stem-arbor of defendant's watch holds the shifting yoke in the setting position when the movement is in the case, and it is argued that the stem-arbor is a part of the case, but in the defendant's watch the stem-arbor acts on a different element in the organization, and hence, as it seems to me, does not make out the claim of infringement. It is true that complainant has introduced in evidence, as exhibits, complainant's watch No. 2 and complainant's watch No. 3, where the fin-backed spring of the patent is applied to the vibrating yoke carrying the winding and hands-setting pinions; but the proof also shows that Corliss himself so far understood that his invention covered by the patent now under consideration did not cover these two watches that he took out a patent, in July, 1886, substantially covering the application of the fin-backed spring to this vibrating yoke. The application for and obtaining of this patent, I think, is a clear admission on the part of Corliss that he did not consider the mechanism covered by this subsequent patent as covered by his patent of September, 1885, and, if Corliss is concluded by this admission, it seems to me the complainant, as the assignee of Corliss, is also thereby concluded. I do not, however, intend to place the decision of this case upon the fact that Corliss obtained a new patent for a device applicable to the vibrating yoke, stem-setting and stem-winding arrangement, but prefer to rely upon the fact of non-infringement, as it seems palpable to me that a watch movement like the defendant's, which is neither in the hands-setting nor stem-winding engagement when out of the case, is not an infringement of the Corliss patent on which this suit is brought. A decree may therefore be prepared finding that the defendant does not infringe, and dismissing the bill for want of equity.